AO 248 (Rev. S.D. Ind. 09/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-96-JMS-DML-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FERNANDO LOPEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE. Defendant filed a pro se motion that the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). In the motion, Defendant asks the Court to appoint counsel to represent him. Defendant is not entitled to appointment of counsel with respect to his Motion for Compassionate Release. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). In addition, Defendant's motion does not provide the Court with sufficient information to determine whether it should grant compassionate release under § 3582(c)(1)(A), and his motion does not show that the interests of justice support appointing counsel at this time. Specifically, while Defendant contends that he suffers from certain medical conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19, he does not explain whether he received or been offered the COVID-19 vaccine, which would reduce his risk of contracting COVID-19. Such information is pertinent to the Court's evaluation of whether Defendant has presented an

"extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release . . . . The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective."). Accordingly, Defendant's motion, dkt. [87], is **denied without prejudice**. If Defendant wishes to renew his motion, he may do so by completing and returning the attached form motion. (Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Pro Se Prisoner)). Among other things, the form requires Defendant to explain whether he has received or been offered the COVID-19 vaccine.

IT IS SO ORDERED.

Date: 8/11/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Fernando Lopez-Mendez
Reg. No. 16844-028
North Lake
Correctional Institution
P.O. Box 1500
Baldwin, MI 49304

All Electronically Registered Counsel